07 CV 2044
Judge Gettleman

MICHAEL E. KUNZ
CLERK OF COURT

April 9, 2007

CLERK'S OFFICE
ROOM 2609
TELEPHONE
(215) 597-7704

U.S. District Court ILN(1)
Northern District of Illinois
Michael W. Dobbins, Clerk
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

**FILED**

APR 1 2 2007
APR 12 2007
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

RE:   06-cv-02872
ANR, Inc. v. Rothner, et al.

Dear Clerk:

We herewith enclose the original record, together with a certified copy of the docket entries, in the above-captioned case which has been transferred to your District pursuant to Memorandum and Order dated March 6, 2007.

Kindly acknowledge receipt on the copy of the letter provided.

Very truly yours,

MICHAEL E. KUNZ
Clerk of Court

By: _____
Nicole D'Andrea, Deputy Clerk

cc:     Norman E. Greenspan, Esquire
        Giel Stein, Esquire
        Jack L. Gruenstein, Esquire

Received above material or record file this        day of 2007.

Signature:   _____

Date:   _____

civ625.frm

CLOSED, STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:06-cv-02872-RB
### Internal Use Only

ANR, INC. v. ROTHNER et al
Assigned to: HONORABLE RONALD L.
BUCKWALTER
Demand: $1,000
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 06/30/2006
Date Terminated: 03/06/2007
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

## Plaintiff

**ANR, INC.**

represented by **NORMAN E. GREENSPAN**
BLANK ROME COMISKY &
McCAULEY
ONE LOGAN SQUARE
PHILADELPHIA, PA 19103
215-569-5635
Email: greenspan@blankrome.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**FILED**

APR 12 2007
APR 12 2007
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

V.

## Defendant

**ERIC A. ROTHNER**

represented by **GIEL STEIN**
WINSTON & STRAWN LLP
35 W. WACKER DR
CHICAGO, IL 60601-9703
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**07CV2044
JUDGE GETTLEMAN
MAG. JUDGE BROWN**

**JACK L. GRUENSTEIN**
VAIRA & RILEY, PC
1600 MARKET ST.
STE. 650
PHILA., PA 19103
215-751-2700
Email: j.gruenstein@vairariley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED:
ATTEST:

## Defendant

**GAIL ROTHNER**                    represented by **GIEL STEIN**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

                                    **JACK L. GRUENSTEIN**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/30/2006 | 1 | COMPLAINT against ERIC A. ROTHNER, GAIL ROTHNER ( Filing fee $ 350 receipt number 930253.), filed by ANR, INC.(ti, ) (Entered: 06/30/2006) |
| 06/30/2006 |  | Two Original Summons Issued as to ERIC A. ROTHNER, GAIL ROTHNER. Forwarded To: Counsel on 6/30/06 (ti, ) (Entered: 06/30/2006) |
| 06/30/2006 |  | (Court only) ***Set/Clear Flags Set Flag Standard Case Management Track (ti, ) (Entered: 06/30/2006) |
| 07/13/2006 | 2 | SUMMONS Returned Executed by ANR, INC. re: John A. Kozaritz served Summons and Complaint upon ERIC A. ROTHNER by Personal. ERIC A. ROTHNER served on 7/12/2006, answer due 8/1/2006. (GREENSPAN, NORMAN) (Entered: 07/13/2006) |
| 07/13/2006 | 3 | SUMMONS Returned Executed by ANR, INC. re: John A. Kozaritz served Summons and Complaint upon GAIL ROTHNER by Personal. GAIL ROTHNER served on 7/12/2006, answer due 8/1/2006. (GREENSPAN, NORMAN) (Entered: 07/13/2006) |
| 08/02/2006 | 4 | NOTICE of Appearance by JACK L. GRUENSTEIN on behalf of ERIC A. ROTHNER with Certificate of Service (GRUENSTEIN, JACK) (Entered: 08/02/2006) |
| 08/02/2006 | 5 | NOTICE of Appearance by JACK L. GRUENSTEIN on behalf of GAIL ROTHNER with Certificate of Service (GRUENSTEIN, JACK) (Entered: 08/02/2006) |
| 08/02/2006 | 6 | MOTION for Limited Admission of Giel Stein filed by ERIC A. ROTHNER, Certificate of Service. (GRUENSTEIN, JACK) Modified on 8/4/2006 (md) (APPLICATION FILED IN ERROR BY ATTY AS MOTION) (Entered: 08/02/2006) |

| | | |
|---|---|---|
| 08/02/2006 | 7 | MOTION for Limited Admission of Giel Stein filed by GAIL ROTHNER, Certificate of Service. (GRUENSTEIN, JACK) Modified on 8/4/2006 (md) (APPLICATION FILED IN ERROR BY ATTY AS MOTION) (Entered: 08/02/2006) |
| 08/02/2006 | | (Court only) ***Attorney JACK L. GRUENSTEIN for GAIL ROTHNER added. (md) (Entered: 08/04/2006) |
| 08/02/2006 | | (Court only) ***Motions terminated: 6 MOTION for Limited Admission of Giel Stein filed by ERICA. ROTHNER, 7 MOTION for Limited Admission of Giel Stein filed by GAIL ROTHNER. (FILED IN ERROR BY ATTY) (md) (Entered: 08/04/2006) |
| 08/03/2006 | 8 | MOTION for Extension of Time to File Answer *or Otherwise Plead* filed by ERIC A. ROTHNER.Certificate of Service. (Attachments: # 1 Proposed Order)(GRUENSTEIN, JACK) Modified on 8/8/2006 (fh) (Entered: 08/03/2006) |
| 08/03/2006 | 9 | MOTION for Extension of Time to File Answer *or Otherwise Plead* filed by GAIL ROTHNER.Certificate of Service. (Attachments: # 1 Proposed Order)(GRUENSTEIN, JACK) Modified on 8/8/2006 (fh) (Entered: 08/03/2006) |
| 08/07/2006 | 10 | ORDER THAT THE APPLICATION OF GIEL STEIN, ESQUIRE, TO BE ADMITTED PRO HAC VICE TO PRACTICE IN THIS COURT IS GRANTED. SIGNED BY JUDGE RONALD L. BUCKWALTER ON 8/7/06. 8/8/06 ENTERED AND COPIES MAILED.(mac, ) (Entered: 08/08/2006) |
| 08/07/2006 | | (Court only) ***Attorney GIEL STEIN for ERIC A. ROTHNER and GAIL ROTHNER added. (mac, ) (Entered: 08/08/2006) |
| 08/07/2006 | 11 | ORDER THAT DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD TO THE PLAINTIFF'S COMPLAINT IS GRANTED AND DEFENDANTS SHALL ANSWER OR OTHERWISE PLEAD TO THE PLAINTIFF'S COMPLAINT ON OR BEFORE AUGUST 21, 2006. SIGNED BY JUDGE RONALD L. BUCKWALTER ON 8/7/06.8/8/06 ENTERED AND COPIES MAILED. (mac, ) (Entered: 08/08/2006) |
| 08/21/2006 | 12 | MOTION to Dismiss *for Lack of Personal Jurisdiction* filed by ERIC A. ROTHNER, GAIL ROTHNER, Memorandum and Certificate of Service. (Attachments: # 1 # 2 # 3) (GRUENSTEIN, JACK) Modified on 8/22/2006 (np). (Entered: 08/21/2006) |
| 08/21/2006 | 13 | MOTION to Dismiss *for Lack of Personal Jurisdiction* filed by GAIL ROTHNER, ERIC A. ROTHNER, Memorandum and Certificate of Service. (Attachments: # 1 # 2 # 3) (GRUENSTEIN, JACK) (DUPLICATE FILING) Modified on 8/22/2006 (np). (Entered: 08/21/2006) |

| 09/05/2006 | ❂14 | Memorandum in Opposition re 12 MOTION to Dismiss *for Lack of Personal Jurisdiction* filed by ANR, INC., Certificate of Service. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B) (GREENSPAN, NORMAN) Modified on 9/6/2006 (np). (Entered: 09/05/2006) |
|---|---|---|
| 09/18/2006 | ❂15 | RESPONSE in Support re 13 MOTION to Dismiss *for Lack of Personal Jurisdiction* filed by ERIC A. ROTHNER. (GRUENSTEIN, JACK) (Entered: 09/18/2006) |
| 09/18/2006 | ❂16 | RESPONSE in Support re 13 MOTION to Dismiss *for Lack of Personal Jurisdiction* filed by GAIL ROTHNER. (GRUENSTEIN, JACK) (Entered: 09/18/2006) |
| 09/18/2006 | ❂17 | AMENDED DOCUMENT by ERIC A. ROTHNER. Amendment to 16 Response in Support of Motion *to Dismiss for Lack of Personal Jurisdiction*. (GRUENSTEIN, JACK) (Entered: 09/18/2006) |
| 09/18/2006 | ❂18 | AMENDED DOCUMENT by GAIL ROTHNER. Amendment to 16 Response in Support of Motion *to Dismiss for Lack of Personal Jurisdiction*. (GRUENSTEIN, JACK) (Entered: 09/18/2006) |
| 03/06/2007 | ❂19 | MEMORANDUM AND ORDER THAT PURSUANT TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, THIS CASE BE TRANSFERRED TO THE NORTHERN DISTRICT OF ILLINOIS. THIS CASE IS CLOSED. SIGNED BY JUDGE RONALD L. BUCKWALTER ON 3/6/2007. 3/7/2007 ENTERED AND COPIES MAILED AND E-MAILED.(nda, ) (Entered: 03/07/2007) |
| 03/06/2007 | ❂ | (Court only) ***Civil Case Terminated. (sf, ) (Entered: 03/08/2007) |



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA



ANR, INC.,
                           Plaintiff,

        v.

ERIC and GAIL ROTHNER,
                           Defendant.

:        CIVIL ACTION

**FILED** NO. 06-2872

APR 12 2007

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

FILED

MICHAEL
By

### MEMORANDUM

BUCKWALTER, S.J.                                      March 6, 2007

Presently before the Court are Defendants Eric and Gail Rothners' Motion to

Dismiss Plaintiff ANR, Inc.'s Complaint, Plaintiff's Response, and Defendants' Reply. For the

reasons explained below, this case will be **TRANSFERRED** to the Northern District of Illinois.

## I. BACKGROUND

Plaintiff is a corporation with its principal place of business in Kennett Square,

Pennsylvania. Defendants are individuals who own and operate eight nursing homes throughout

Illinois.

In 2002, the Plaintiff approached Defendant Eric Rothner in Illinois to inquire if

he would be interested in purchasing eight nursing homes located throughout Illinois. The

Plaintiff co-owned the eight nursing homes with seven other entities. Defendant Eric Rothner

expressed interest, and a representative for the Plaintiff flew to Illinois where the parties

negotiated the sale of the nursing homes. On November 8, 2002, the Asset Purchase Agreement

("Purchase Agreement") to purchase the nursing homes was signed in Illinois and contained an

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED:

ATTEST:

**07CV2044
JUDGE GETTLEMAN
MAG. JUDGE BROWN**

Illinois choice of law provision. In order to facilitate the sale, the Plaintiff loaned $1,000,000 to the Defendants, and on January 31, 2003, the parties signed a Purchase Money Promissory Note ("Promissory Note") to this effect. The Promissory Note required the Defendants to pay the Plaintiff $1,000,000 by January 31, 2006, plus interim quarterly interest payments at a rate of six percent. Additionally, the Promissory Note contained a Pennsylvania choice of law provision.

In 2003, the Defendants began mailing quarterly interest payments to the Plaintiff's Pennsylvania office totaling $165,000. However, on January 31, 2006, the Defendants failed to pay the balance and quarterly interest payment due on the Promissory Note. As a result, the Plaintiff filed a complaint claiming breach of contract on June 30, 2006 with this Court. On August 21, 2006, the Defendants filed the present motion to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12 (b)(2).

## II. STANDARD OF REVIEW

A defendant has the initial burden of raising the defense of lack of personal jurisdiction. See Fed. R. Civ. P. 12(h)(1); Walsh v. Alarm Security Group, Inc., 157 F.Supp.2d 501, 504 (E.D. Pa. 2001). Once the defendant raises the jurisdictional defense, the burden shifts to the plaintiff to prove that the jurisdictional requirements are met. See Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992); Lautman v. Loewen Group, Inc., No. 99-75, 2000 U.S. Dist. LEXIS 8241, at *6 (E.D. Pa. June 15, 2000). In order to meet this burden, the plaintiff "must offer evidence that establishes with reasonable particularity sufficient contact between the defendant and the forum state to support jurisdiction." Walsh, 157 F.Supp.2d at 505. Generally, a plaintiff must submit "sworn affidavits or other competent evidence" to meet this burden. North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687,

2

689 (3d Cir. 1990), (citing Stranahan Gear Co. v. NL Indus., Inc., 800 F.2d 53, 58 (3d Cir. 1986)).

A court must make a two-part inquiry to determine whether personal jurisdiction over an out-of-state defendant is proper. First, the court must determine whether the long-arm statute of the forum state would allow the courts of the forum state to exercise jurisdiction over the defendant. See Fed. R. Civ. P. 4(e)(1). Second, if the long-arm statute permits the forum state to exercise jurisdiction, the court must then determine if exercising personal jurisdiction over the defendant would be consistent with the Constitution's Due Process Clause. See Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co., 75 F.3d 147, 150 (3d Cir. 1996). Because Pennsylvania's long-arm statute's reach is coextensive with the limits placed on the states by the Constitution, See 42 Pa. Cons. Stat. Ann. § 5322(b), the court need only address the second question–whether the exercise of personal jurisdiction conforms with the requirements of the Due Process Clause. See Vetrotex, 75 F.3d at 150.

When addressing the due process question, the court must analyze the relationship between the defendant's conduct, the forum state, and the litigation. See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). Due process is satisfied when a defendant purposefully directs conduct toward the forum state or when a defendant purposefully avails himself of the protection of the laws of the forum state. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

There are two types of personal jurisdiction–general jurisdiction and specific jurisdiction. General jurisdiction exists when the defendant has continuous and systematic contacts with the forum state, regardless of where the particular events giving rise to the

3

litigation occurred. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9 & 416 (1984). Specific jurisdiction exists when the events giving rise to the action are related to the defendant's contact with the forum state and when the defendant has the necessary minimum contacts with the forum state. See Id. at 414 n.8.

Specific jurisdiction is proper when the plaintiff satisfies a two-part test. First, the plaintiff must demonstrate that the defendant has the requisite minimum contacts with the forum state. See Burger King, 471 U.S. at 474, (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The minimum contact inquiry is one that is determined on a case-by-case basis. See Id. at 486. Minimum contacts exist when the defendant's conduct is purposefully directed toward the forum state. Id. at 475. This conduct must be more than merely "random," "fortuitous," or "attenuated." Id., (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)). If the defendant's conduct is such that he reasonably should foresee being haled into the forum state's court, then the minimum contact threshold has been met. See World Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Once minimum contacts have been established, the second part of the test requires the court to determine whether exercising jurisdiction over the defendant would comport with "traditional notions of fair play and substantial justice." Vetrotex, 75 F.3d at 151, (citing International Shoe, 326 U.S. 310). Relevant factors used in answering this inquiry include "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several

4

States in furthering fundamental substantive social policies." Burger King, 471 U.S. at 477,

(citing World Wide Volkswagon, 444 U.S. at 292).

## III. DISCUSSION

### A. Specific Personal Jurisdiction Test — Minimum Contacts

Defendants have moved the Court to dismiss Plaintiff's complaint arguing that the Court lacks personal jurisdiction over the Defendants. The Plaintiff's response only argues that the Court has specific personal jurisdiction over the Defendants; therefore, the Court will only address specific personal jurisdiction.

As previously stated, specific jurisdiction is proper when the plaintiff satisfies a two-part test. First, the plaintiff must demonstrate that the defendant has the requisite minimum contacts with the forum state. See Burger King, 471 U.S. at 474, (citing International Shoe, 326 U.S. at 316). Second, the court must determine whether exercising jurisdiction over the defendant would comport with "traditional notions of fair play and substantial justice." Vetrotex, 75 F.3d at 151, (citing International Shoe, 326 U.S. 310).

In the present action, the Plaintiff asserts that Defendants have sufficient minimum contacts with the forum because (1) the Defendants knew they were conducting business with a Pennsylvania company, (2) the Promissory Note signed by the parties contained a Pennsylvania choice of law clause, (3) payments on the Promissory Note and other correspondence were sent to Plaintiff's Pennsylvania address, and (4) Defendants provided personal financial information to the Plaintiff. For the reasons detailed below, the Court does not find the contacts presented by the Plaintiff to be sufficient to support a finding of specific personal jurisdiction.

5

First, the fact that the Defendants contracted with the Plaintiff, a Pennsylvania company, in and of itself is not enough to establish minimum contacts with the forum. Telesis Mergers & Acquisitions, Inc. v. Atlis Federal SVCS, Inc., 918 F. Supp. 823, 834-835 (N.J.D. 1996) ("[A] nonresident's contracting with a forum resident, without more, is insufficient to establish the requisite, 'minimum contacts' required for an exercise of personal jurisdiction over the nonresident." (quoting Sunbelt Corp. V. Noble, Denton & Assocs., Inc., 5 F.3d 28, 32 (3d Cir. 1993))).

Second, the Court has determined that the Pennsylvania choice of law provision contained in the Promissory Note is not persuasive for a finding of specific personal jurisdiction because the Purchase Agreement contained an Illinois choice of law provision. When there are two conflicting choice of law provisions, the conflicting provisions cancel one another out and are unpersuasive in deciding a jurisdictional issue. Utilitech, Inc. v. Somerset Medical Center, No. 06-1232, 2006 WL 1687046, at * 7 (E.D Pa. June 15, 2006) ("[T]he United States Supreme Court has established that a choice of law provision is not determinative of whether the court can exercise personal jurisdiction over a foreign defendant."). See Telecast, Inc. v. Pacific Cablevision, 731 F. Supp. 1319, 1323 n.2 (E.D. Mich. 1990).

Third, the fact that the Defendants have made payments on the Promissory Note to the Plaintiff at its Pennsylvania address and periodically phoned the Plaintiff are insufficient to establish minimum contacts and support a finding of personal jurisdiction. Mellon Bank (East) PSFS, National Association v. Farino, 960 F.2d 1217, 1225 (3d Cir. 1992) ("Mere mailing of payments is not enough for jurisdiction." (quoting Sea Lift, Inc. v. Refinadora Costarricense de Petoleo, S.A., 792 F.2d 989, 994 (11th Cir. 1986))); Utilitech, Inc. v. Somerset Medical Center,

No. 06-1232, 2006 WL 1687046, at * 7 (E.D Pa. June 15, 2006) ("The Third Circuit has established that 'informational communications in furtherance of a contract between a resident and a nonresident does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over the nonresident defendant.' (quoting Vetrotex, 75 F.3d at 152)).

Lastly, the fact that the Defendants provided the Plaintiff with their personal financial information is insufficient to establish a finding of minimum contacts with the forum. The Plaintiff cites Mellon in support of its premise that because the Defendants provided the Plaintiff with personal financial information, that is enough to find minimum contacts. However, in Mellon the defendants *sought out* the plaintiff for financing where in this case the Plaintiff sought out the Defendants to purchase the nursing homes and provided financing in furtherance of its proposal. Additionally, although the Defendants provided personal financial information to the Plaintiffs, they did so in Illinois, not in the forum as was the case in Mellon. Thus, the Court is unpersuaded by Plaintiff's argument that this case is factually similar to Mellon so as to produce a finding of sufficient minimum contacts to support specific personal jurisdiction and therefore, this Court does not find that it has specific personal jurisdiction over the Defendants.

For the above reasons, the Court has determined that the Defendants' contacts taken as a whole are insufficient to establish minimum contacts with the forum and support a finding of specific personal jurisdiction.

**B. Specific Personal Jurisdiction Test — Fair Play and Substantial Justice**

Although the Court has determined there is insufficient minimum contacts to support a finding of specific personal jurisdiction and thus it need not reach the second part of the test, it will briefly address the second part for completeness. In this case, exercising

7

jurisdiction over the Defendants would not comport with the "traditional notions of fair play and substantial justice" for the following reasons: the Plaintiff solicited the Defendants to purchase eight nursing homes in Illinois, all the negotiations and signing of the asset purchase agreement and promissory note took place in Illinois, and all eight nursing homes are located in Illinois. For the aforementioned reasons, the Court has determined that in the interest of fair play and substantial justice, this case should be transferred to the appropriate court, the Northern District of Illinois.

In transferring this case to the appropriate court, the Court is following a common practice of transferring a case to the appropriate district instead of dismissing for lack of personal jurisdiction. 2 JAMES WM. MOORE ET AL., Moore's Federal Practice ¶ 12.31 (3d ed. 2006) ("Generally the court can dismiss the action when it lacks personal jurisdiction. Commonly, however courts have transferred actions under 28 U.S.C. § 1404, 1406 or 1631.").

## IV. CONCLUSION

For all the forgoing reasons, this Court lacks personal jurisdiction and is transferring this case to the United States District Court for the Northern District of Illinois. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANR INC.,
              Plaintiff,

      v.

ERIC and GAIL ROTHNER,
              Defendant.

:
:
:
:
:
:
:

CIVIL ACTION

NO. 06-2872

**FILED**

MAR 0 6 2007

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

AND NOW, on this 6th day of March, 2007, upon consideration of Defendant's

Motion to Dismiss Plaintiff's Complaint (Docket No. 12), Plaintiff's response thereto (Docket

No.14), Defendant's Reply (Docket No. 16), it is hereby **ORDERED** that this case be

**TRANSFERRED** to the Northern District of Illinois.

This case is **CLOSED**.

BY THE COURT:

RONALD L. BUCKWALTER, S.J.

3/7/07 Cmmlid TO
Graenstein
Brungean

Mmlid TO
Stein

9